### WHITTENBURG v. GROVES.
#### (No. 41-2696).

(Commission of Appeals of Texas, Section B. April 2, 1919.)

SPECIFIC PERFORMANCE ⬤⟲89 — CONDUCT OF PLAINTIFF — ABANDONMENT OF CONTRACT — ASSERTION OF OUTSTANDING TITLE.

Where a purchaser of land brought suit for specific performance of his contract, but, before any action was taken in such suit, except filing of petition and issue of citation, acquired from heirs of third person an outstanding title and sued seller in trespass to try title to recover the land, but lost the suit, he was not entitled to thereafter prosecute the suit for specific performance; the bringing of the action in trespass to try title having been a repudiation of the contract.

Appeal from Court of Civil Appeals of Seventh Supreme Judicial District

On rehearing. Motion for rehearing overruled.

For former opinion, see 208 S. W. 901.

MONTGOMERY, P. J. Complaint is made that we erroneously stated that the suit for specific performance was filed only one day before the judgment was rendered in the trspass to try title case. In the amended petition on which this case was tried it is alleged that the original petition was filed March 3, 1913, which was the day before the trespass to try title suit was tried, and therefore we conceive that we did not misstate the facts as thy appeared in the record. We accepted the statement of counsel in the amended petition as to the date of the filing of the original petition as correct. We now, however, find that from other parts of the record the petition in the specific performance case was filed before the trespass to try title suit was brought, and that the statement in the record on which we relied was erroneous. It does not appear that any action was taken in the specific performance suit, except to file the petition and possibly issue citation, until after the trespass to try title suit was tried and lost. We think this difference in the facts does not affect the result. The bringing of the trespass to try title suit and its prosecution to final judgment was, for the reasons shown in the opinion, entirely inconsistent with the right to specific performance.

With this explanation, which we make in the interest of accuracy, we advise that the motion for rehearing be overruled.

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes